**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| General Agent Center Incorporated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Donald Vanier LLP, et al.,<br><br>Defendants. | No. CV-22-00708-PHX-MTL<br><br>**ORDER** |

Before the Court are Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss (Doc. 5) and Plaintiffs General Agent Center Incorporated's ("GAC") and Mark Malin's Notice of Attempted Service of Donald Vanier, Donald Vanier LLP, and Mielams Promotions, Inc. (the "Unserved Defendants") and "Motion to Order Rule 26 Disclosure or Allow Plaintiff to Serve All Other Defendants by Publication After Due Diligence" (Doc. 9). For the following reasons, Defendant BANA's motion is granted; Plaintiffs' remaining claims are remanded back to the Arizona Superior Court.

**I.   BACKGROUND**

This case arises out of three allegedly fraudulent bank transfers made from Plaintiff GAC's First Fidelity Bank account to Defendant Donald Vanier's BANA account. (Doc. 4, ¶ 12.) Plaintiffs allege that Defendant Vanier posed as Plaintiff Malin and initiated the transfers, totaling $127,000, into Defendant Vanier's own BANA account. (*Id.*, ¶¶ 12, 21–24.) It is not clear whether Defendant Vanier used Plaintiffs' First Fidelity Bank credentials to initiate the transfers or whether Defendant Vanier submitted a fraudulent

invoice to GAC employee Martini who completed the transfers herself. (Compare Doc. 4, ¶¶ 21–24 with Doc. 6-1, ¶ 4.)

Plaintiff Malin is an Arizona resident, Plaintiff GAC is an Arizona corporation, and Plaintiff Malin opened the relevant GAC bank account at a First Fidelity Bank branch in Maricopa County. (Doc. 4, ¶¶ 1, 3–4.) First Fidelity Bank is incorporated and headquartered in Oklahoma City, Oklahoma. (Doc. 5-2 at 2.) Defendant BANA is a national bank incorporated and headquartered in Charlotte, North Carolina. (Doc. 5-1, ¶ 12.) Defendant BANA operates multiple bank branch locations in Arizona. (Doc. 4, ¶ 5.) Defendant Vanier's relevant BANA account is "domiciled in Florida" and all the monthly account statements were sent to an unspecified address in Florida. (Doc. 5-1, ¶¶ 10–11.)

Although Plaintiffs' allegations are not entirely clear, it seems that Plaintiffs' agents reported the theft to BANA's fraud department, but BANA refused to cooperate in the investigation. (Doc. 4, ¶¶ 25–26.) Ms. DeMartini then went to a BANA branch in Scottsdale, Arizona to seek additional information in person. (*Id.*, ¶ 27.) BANA allegedly refused to return Plaintiffs' funds or provide Plaintiffs with any information about Defendant Vanier or his account. (*Id.*, ¶¶ 29–37.)

Plaintiffs filed their original complaint in Arizona Superior Court and former Defendant Bank of America, Inc. removed to this Court.[1] (Doc. 1.) On May 2, 2022, Plaintiffs filed an Amended Complaint, substituting BANA for Bank of America, Inc. (Doc. 4.) Defendant BANA filed its Motion to Dismiss asserting lack of personal jurisdiction and failure to state a claim. (Doc. 5.) Plaintiffs subsequently filed their Notice and Motion, alleging that Defendant BANA continuously failed to provide Plaintiffs with Unserved Defendants' addresses so Plaintiffs could not effectuate timely service on those Defendants.

## II.     DEFENDANT BANA'S MOTION TO DISMISS

BANA moves to dismiss Plaintiffs' Amended Complaint for lack of personal

---

[1] Plaintiffs' original complaint alleged causes of action against Bank of America, Inc. (*See* Doc. 1-3 at 14.) In its Notice of Removal, Bank of America, Inc. asserted that the proper defendant for this action is BANA, the national bank, because Bank of America, Inc. is merely BANA's holding company. (Doc. 1 at 1 n.1.)

jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Rule 12(b)(6). (Doc. 5 at 1.)

### A.     Personal Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move, "prior to trial, to dismiss the complaint for lack of personal jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that an exercise of jurisdiction is proper. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). However, "in the absence of an evidentiary hearing," a plaintiff "need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (internal citation omitted). When examining whether there is a prima facie showing of jurisdictional facts, any "uncontroverted allegations in [the complaint] must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (internal quotation marks and citations omitted); *see also Sher*, 911 F.2d at 1361 (treating plaintiff's allegations as true).

Because Arizona's long-arm statute conforms with the requirements of federal due process, the analyses of personal jurisdiction under Arizona law and federal due process are the same. *See* Ariz. R. Civ. P. 4.2(a); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). To comport with federal due process, the non-resident defendant must have certain "minimum contacts" with the forum state such that an exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be general or specific.

### 1.     General Jurisdiction

A court may exercise general jurisdiction "when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, --- U.S. ---, 141 S. Ct. 1017, 1024 (2021) (citation omitted). General jurisdiction extends to "any and all claims"

brought against a defendant. *Id.* "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quotations omitted). "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (quoting *Daimler*, 571 U.S. at 139 n.19).

Plaintiffs argue that BANA is subject to this Court's general jurisdiction because BANA does business in Arizona by operating "hundreds of branch banks" which conduct wire transfers all over the world, including transfers to other bank branches in Arizona. (Doc. 6 at 3–5.) Plaintiffs also assert general jurisdiction is proper because Unserved Defendant Donald Vanier identified a BANA Scottsdale branch as his bank. (*Id.* at 5.) BANA avers that its place of incorporation and principal place of business is in North Carolina and argues that its business in Arizona does not establish general jurisdiction. (Doc. 5 at 6.) The Court agrees with BANA and finds that Plaintiffs do not provide sufficient evidence of contacts "so continuous and systematic as to render [BANA] essentially at home" in Arizona. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Without more, operating bank branches and conducting wire transfers is not enough to subject BANA to general jurisdiction in Arizona where it is not domiciled. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) ("[T]he Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.")

### 2.      Specific Jurisdiction

Plaintiffs do not specifically address the relevant test for specific jurisdiction. (*See* Doc. 6 at 1–4.) For completeness, however, the Court addresses whether BANA is also subject to specific jurisdiction based on the events alleged in the Amended Complaint.

Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford*, --- U.S. ---, 141 S. Ct. at 1024–25 (citing *Hanson v. Denckla*, 357 U.S. 235, 253

(1958)). The act must show "that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Id.* at 1025 (citing *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). These requirements seek to "ensure that States with little legitimate interest in a suit do not encroach on States more affected by the controversy." *Id.*

The Ninth Circuit employs a three-prong test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger*, 374 F.3d at 802) (internal citations omitted). The burden initially falls on the plaintiff to show the first two prongs but then shifts to the defendant to show the third. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

In cases involving tortious conduct, the first required element, "purposeful direction," is measured using the "effects" test set forth by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). The effects test requires the defendant to "have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (internal quotation marks and citations omitted). Because this case asserts various tort claims, the Court addresses the *Calder* requirements in turn.

### a. Intentional Act

The intentional act requirement connotes an "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. Taking Plaintiffs' allegations as true, BANA failed to implement security protocols to prevent identity theft, aided in the theft by refusing to disclose Defendant Vanier's information to Plaintiffs, and prevented Plaintiffs' retrieval of the wrongfully transferred funds. (Doc. 4, ¶¶ 12–14.) Accordingly, *Calder*'s first part is satisfied.

### b. Express Aiming

An "express aiming" analysis centers on whether "the defendant's allegedly tortious action was expressly aimed at the forum state." *Picot*, 780 F.3d at 1214 (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010)) (internal quotation marks omitted). The precise form of analysis depends largely on the "specific type of tort or other wrongful conduct at issue." *Schwarzenegger*, 374 F.3d at 807. The Amended Complaint asserts that Plaintiffs contacted BANA to report fraud and identity theft, but BANA failed to assist Plaintiffs. (Doc. 4, ¶¶ 25–37.)

As noted, "[i]n opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Mavrix Photo, Inc.*, 647 F.3d at 1223. The only allegations to support this Court's personal jurisdiction over BANA are Plaintiffs' agent's own actions in contacting an Arizona-based BANA branch to address the fraudulent transfers. (Doc. 4, ¶ 27.) The remainder of Plaintiffs' allegations against BANA and its employees, that they failed to stop the fraudulent wire transfers, disclose Defendant Vanier's information, or return the funds, are ambiguous as to where those acts occurred. (*See* Doc. 4 at ¶¶ 25–26, 29–37.) Upon a Rule 12(b)(2) motion, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc.*, 557 F.2d at 1284. Defendants have submitted a declaration from BANA's Vice President and Senior Operations Consultant in Legal Order and Case Resolution Operations, who avers that the wire transfers originated from First

Fidelity Bank in Oklahoma and went to BANA in New York for processing before being deposited in Defendant Vanier's account in Florida. (Doc. 5-1, ¶¶ 2, 7–11.) In response, Plaintiffs provided a declaration from GAC employee Martini asserting that Defendant Vanier submitted a fraudulent invoice identifying his relevant bank as an Arizona BANA branch located in Scottsdale. (Doc. 6-1, ¶¶ 3, 5.) Ms. Martini then went to the Scottsdale BANA branch listed on the fraudulent invoice and the representative confirmed that Defendant Vanier had a BANA account but directed her to contact the fraud department. (*Id.*, ¶ 6.)

"[C]onflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiffs'] favor." *AT&T Co.*, 94 F.3d at 588. The Court notes, however, that Plaintiffs do not dispute that the wire transfer requests originated in Oklahoma and were sent to BANA in New York. Defendant argues that Plaintiffs' agent's actions in contacting the Scottsdale BANA branch, or Defendant Vanier's actions in falsely representing his bank location, cannot constitute BANA's intentional acts expressly aimed at Arizona. (Doc. 7 at 2–3.) The Court agrees. Even resolving all conflicts in Plaintiffs' favor, Plaintiffs' bare allegations are not sufficient to make a showing of personal jurisdiction over BANA. Most of Plaintiffs' allegations are directed towards Defendant Vanier's conduct in impersonating Plaintiff Malin and initiating transfers from Plaintiff GAC's First Fidelity account to his own BANA account. (Doc. 4, at ¶¶ 21–28.) Such allegations might be sufficient to establish that Defendant Vanier expressly aimed his conduct at Arizona but are insufficient to establish that BANA did. *See also Sher*, 911 F.2d at 1365 ("Regardless of their [alleged] joint liability, jurisdiction over each defendant must be established individually.").

For these reasons, the Court finds that Plaintiffs have not established specific personal jurisdiction over BANA. It will grant BANA's Rule 12(b)(2) motion.

### B. Failure to State a Claim

Because the Court finds that BANA is not subject to personal jurisdiction in this District, the Court need not address BANA's alternative arguments pursuant to Rule 12(b)(6) and denies those arguments as moot.

### III. SUBJECT MATTER JURISDICTION OVER REMAINING DEFENDANTS

Courts have an independent obligation to determine whether subject matter jurisdiction exists. *Arizona Yage Assembly v. Garland*, --- F. Supp. 3d ---, No. CV-20-02373-PHX-ROS, 2022 WL 951072, at *4 (D. Ariz. Mar. 30, 2022). Subject matter jurisdiction must be apparent on the face of the complaint. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). On review of the jurisdictional allegations of the Amended Complaint, the Court *sua sponte* finds that this action must be dismissed for lack of subject matter jurisdiction as a matter of law. *See Scholastic Entertainment, Inc. v. Fix Entertainment Group, Inc.*, 336 F.3d 982, 985 (9th Cir.2003) (District court may *sua sponte* dismiss an action for lack of subject matter jurisdiction without notice and an opportunity to respond.)

Plaintiffs' Amended Complaint does not assert any claims under federal law or the United States Constitution that would support federal question jurisdiction over the remaining defendants. And although federal courts have diversity jurisdiction over an action between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), Plaintiffs' Amended Complaint does not include any allegations from which the Court could ascertain the remaining defendants' residency. Thus, the Court determines that it does not have subject matter jurisdiction over the remaining defendants and remands this case back to Arizona Superior Court.

**A. Plaintiff's Pending Notice and Motion**

Plaintiffs filed a Notice and Motion informing the Court of their unsuccessful efforts to locate and serve the Unserved Defendants and requesting the Court's intervention to help them effectuate service. (Doc. 9 at 1–2.) Plaintiffs request the following from the Court: (1) a 60-day extension of time to serve the Unserved Defendants; (2) an Order requiring BANA to "complete a [R]ule 26 disclosure with at least the identifying information" of the unserved Defendants, including last known addresses; and/or (3) permission to serve the Unserved Defendants by publication in Florida. (Doc. 9 at 3.)

Because the Court finds that BANA is not subject to personal jurisdiction in this

District, the Court is without authority to compel any discovery from BANA regarding the Unserved Defendants. *Steel Co. v. Citizens for a Better Enviro.*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (citations omitted). Accordingly, any requested relief requiring BANA to act is denied.

The Court leaves Plaintiffs' other requests for extension of time to serve and service by publication pending for the Arizona Superior Court's determination on remand.

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED** granting Defendant BANA's Motion to Dismiss (Doc. 5). Defendant BANA is dismissed from this action for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** directing the Clerk to remand this action to the Arizona Superior Court in Maricopa County.

**IT IS FURTHER ORDERED** denying Plaintiffs' request for an Order compelling discovery from BANA (Doc. 9). Plaintiffs' Notice and Motion (Doc. 9) remains pending for the Arizona Superior Court in all other respects.

Dated this 30th day of September, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge